Filed 2/18/15  P. v. Jones CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANE ANDREW JONES,<br><br>    Defendant and Appellant. | 2d Crim. No. B253654<br>(Super. Ct. No. 2009038222)<br>(Ventura County) |

Shane Andrew Jones appeals his conviction, by jury, of two counts of criminal threats and two counts of disturbing the peace.  (Pen. Code, §§ 422, 422.7, subd. (a).)[1]  The jury further found true the enhancement allegation that each offense was a hate crime. (§ 422.75, subd. (b).)  The trial court sentenced appellant to a total term in state prison of seven years.  Appellant contends there is no substantial evidence the victims experienced "sustained fear" as required by the criminal threats statute and that the trial court erred when it failed to instruct the jury on attempted criminal threat as a lesser included offense of the charged crime.  We affirm.

*Facts*

Gina Guevara and her teenage son, Robert Jenkins, were shopping at an Oxnard grocery store when they noticed appellant and Carl Kitt, two white supremacist

---

[1] All statutory references are to the Penal Code unless otherwise stated.

"skinheads," inside the store.  Guevara noticed they were talking loudly and knocking items off the store shelves.  She also noticed Kitt's swastika tattoo.  Jenkins thought they were drunk.

Guevara and Jenkins finished their shopping and got in line to check out.  Appellant and Kitt walked past the line.  Both Guevara and Jenkins heard one of them say loudly, "fucking nigger."[2]  Guevara replied, "You better watch your fucking mouth."  Appellant and Kitt called Guevara a "nigger lover," and she called them, "peckerwoods."  Appellant told Guevara, "Don't talk to my comrade like that."  The three continued to exchange words.  Eventually, Kitt "came up to [Guevara's] face and he told [Guevara] that he just got out of jail for stabbing somebody, and that he would stab [Guevara] too."  After making the threat, Kitt and appellant walked to another register while singing a racist song containing the word "nigger."

Guevara and Jenkins paid for their groceries and left the store.  Meanwhile, the store's assistant manager told appellant and Kitt to leave because they were being disruptive and aggressive.  Both men were angry.  They called the assistant manager a "fucking Mexican" and appellant pushed a shopping cart at her.  They were yelling as they left the store.

Guevara and Jenkins left by the same door about 20 seconds later.  Appellant confronted Guevara almost immediately, walking quickly toward her and saying, "Bitch, what are you going to do?"  Both Guevara and Jenkins were afraid he was going to hit Guevara.  At that point, a stranger intervened.  He pushed appellant against the back of a parked truck and told him, "You don't speak to women like that."  The police arrived shortly after that.

Kitt testified that he was released from prison three days before this incident occurred.  He had been in prison for an assault involving the stabbing of a Black man.  Kitt pleaded guilty to criminal threats with a hate crime enhancement as a result of this incident.

---

[2] Jenkins is African-American.  Guevara is Latino.

He admitted telling Guevara, "I just got out of prison for stabbing, I don't care if I have to go back."

Guevara estimated that about five minutes elapsed between the time Kitt threatened to stab the victims and the time Guevara reached the cash register to check out. According to the cashier, Guevara was "very upset and crying" when she reached the register. The cashier asked if she was feeling well and Guevara asked to speak with a supervisor. Guevara testified the threat made her feel "angry and a little afraid." She was "afraid for my son, more so than myself[,]" because she believed her son "was the one that they had a problem with because he was black." Jenkins testified that he was "[d]efinitely" afraid for his mother, especially after appellant accosted her outside the store. He was afraid both men were going to be violent and some physical harm could come to his mother. "I felt like because there's two men arguing with a female, and then I'm just the son there. So I kind of felt like if something happens, I'm definitely going to have to get involved."

*Discussion*

*Substantial Evidence*

Appellant contends there is no substantial evidence Guevara and Jenkins suffered sustained fear and that the trial court erred when it failed to instruct the jury on attempted criminal threats as a lesser included offense of the charged crime. As our Supreme Court explained in *In re George T.* (2004) 33 Cal.4th 620, 630, a case involving the criminal threats statute: "Claims challenging the sufficiency of the evidence to uphold a judgment are generally reviewed under the substantial evidence standard. Under that standard, ' "an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find [the elements of the crime] beyond a reasonable doubt." ' (*People v. Bolden* (2002) 29 Cal.4th 515, 553, quoting *People v. Kipp* (2001) 26 Cal.4th 1100, 1128 . . . ; see *Jackson v. Virginia* (1979) 443 U.S. 307, 317-320, 99 S.Ct. 2781, 61 L.Ed.2d 560.) ' " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably

3

reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' (*People v. Bean* (1988) 46 Cal.3d 919, 933 . . ., quoting *People v. Hillery* (1965) 62 Cal.2d 692, 702 . . . .)

To prove a criminal threat in violation of section 422, the prosecution must prove, "(1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat . . . was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228.) The "sustained fear" element of this offense is satisfied "where there is evidence that the victim's fear is more than fleeting, momentary or transitory." (*People v. Culbert* (2013) 218 Cal.App.4th 184, 190.; see also *People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.) Fear may be "sustained," even if it lasts for a relatively brief period of time. "When one believes he is about to die, a minute is longer than 'momentary, fleeting, or transitory.' " (*People v. Allen* (1995) 33 Cal.App.4th 1149, 1156.)

Appellant contends there is no substantial evidence Guevara and Jenkins suffered sustained fear. Guevara testified she was more afraid for Jenkins than for herself; Jenkins said he was afraid for his mother and didn't think about himself. In addition, the victims left the store only moments after Kitt and appellant and they used the same door. They did not ask the cashier to call the police, nor did they ask for an escort to their car. Appellant contends this evidence demonstrates the victims were not fearful.

We are not persuaded. A reasonable jury could have found that, after Kitt threatened to stab them, Guevara and Jenkins experienced fear that was more than momentary, fleeting or transitory. About five minutes elapsed between the time Kitt made

4

his threat and the time the victims left the store. The cashier described Guevara as very upset and crying. As soon as Guevara paid for her groceries, she and Jenkins left the store and were immediately confronted by appellant, who was angry and menacing. Jenkins testified he was scared about leaving the store because he thought appellant and Kitt might assault his mother. A reasonable jury could have inferred that Guevara and Jenkins remained fearful throughout the time they were paying for their groceries, while they were leaving the store and, once outside, until the stranger intervened to stop Kitt's renewed verbal attack on them. This interval of several minutes is sufficient to constitute sustained fear.

### *Instructional Error*

Appellant contends the trial court erred when it failed to instruct the jury on attempted criminal threats. As our Supreme Court explained in *People v. Toledo,* "A variety of potential circumstances fall within the reach of the offense of attempted criminal threat." (*People v. Toledo, supra,* 26 Cal.4th at p. 231.) For example, if a defendant, acting with the requisite intent, "makes a sufficient threat that is received and understood by the threatened person, but, for whatever reason, the threat does not *actually* cause the threatened person to be in sustained fear for his or her safety even though, under the circumstances, that person reasonably could have been placed in such fear, the defendant properly may be found to have committed the offense of attempted criminal threat." (*Id.*) Attempted criminal threats is a lesser included offense of criminal threats. (*Id.* at p. 226.)

" '[A] defendant has a constitutional right to have the jury determine every material issue presented by the evidence.' (*People v. Sedeno* (1974) 10 Cal.3d 703, 720 . . ., overruled on other points in *People v. Flannel* (1979) 25 Cal.3d 688, 684, fn. 12 . . ., and in *People v. Breverman* (1998) 19 Cal.4th 142, 176 . . . .) ' "To protect this right and the broader interest of safeguarding the jury's function of ascertaining the truth, a trial court must instruct on lesser included offenses, even in the absence of a request, whenever there is substantial evidence raising a question as to whether all of the elements of the charged offense are present." ' (*People v. Cunningham* (2001) 25 Cal.4th 926, 1008, quoting *People v. Lewis, supra,* 25 Cal.4th 610, 645.) Conversely, even on request, the court 'has no duty to

5

instruct on any lesser offense unless there is substantial evidence to support such instruction.' (*People v. Cunningham, supra,* at p. 1008 . . ., italics omitted.) ' "Substantial evidence is evidence sufficient to 'deserve consideration by the jury,' that is, evidence that a reasonable jury could find persuasive." ' (*People v. Lewis, supra,* at p. 645, quoting *People v. Barton* (1995) 12 Cal.4th 186, 201, fn. 8 . . . .)" (*People v. Cole* (2004) 33 Cal.4th 1158, 1215.) The evidence required to support an instruction on a lesser included offense must be evidence from which a jury composed of reasonable people could conclude that the lesser offense, but not the greater, was committed. (*People v. Cruz* (2008) 44 Cal.4th 636, 664.) " 'On appeal, we review independently the question whether the trial court failed to instruct on a lesser included offense.' " (*People v. Avila* (2009) 46 Cal.4th 680, 705.)

The trial court did not err when it did not instruct the jury on attempted criminal threats because there was no substantial evidence the crime was an attempt, rather than a completed threat. Each victim testified to being afraid appellant and Kitt would physically harm the other victim. Their fear began when Kitt threatened to stab them and continued for at least five minutes, until the stranger intervened outside and police arrived. Because no substantial evidence supported the attempt instruction, the trial court did not err in failing to give it.

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.